UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-1, | NO. 4:17-cv-005055-SAB |
| Plaintiff, | **ORDER GRANTING MOTION FOR REMAND TO STATE COURT** |
| vs. | |
| JEFFREY A. SULLIVAN, ROSE SULLIVAN, and Does 1 through 5, inclusive, | |
| Defendants. | |

Before the Court is Defendant's Motion for Remand to State Court, ECF No. 7. The motion was heard without oral argument.

Plaintiff The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2007-1, asks the Court to remand its unlawful detainer action that it filed against Defendants, Jeffrey A. Sullivan and Rose Sullivan ("Defendants"). Plaintiff originally filed the action in Benton County Superior Court in January, 2017. Defendants, proceeding *pro se*, removed

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 1**

the action on April 27, 2017.

Plaintiff asserts removal is improper because Defendant's petition for removal was untimely filed under 28 U.S.C. § 1446 and neither federal-question nor diversity jurisdiction exists in this unlawful detainer action. The Court agrees. Plaintiff is also requesting attorney's fees in the amount of $525.00. The award of attorney's fees in this case is appropriate.

### BACKGROUND FACTS

Defendants executed a deed of trust on or about January 3, 2007 that secured a promissory note for $387,000.00. Defendants subsequently defaulted in the Note and the Deed.  Non-judicial foreclosure proceeding were instituted by recording a notice of default in state court. A trustee's sale was conducted and Plaintiff purchased the property at the sale.

On January 24, 2017, Plaintiff filed an Unlawful Detainer state action in Benton County. Defendants filed their answer in state court on March 10, 2017, asserting Plaintiff's Complaint is defective because the Complaint failed to allege that a Three Day Notice was provided as required under 12 U.S.C. § 5220.

An order to show cause hearing was scheduled in state court for April 28, 2017. Two days prior the hearing, Defendants filed their Notice of Removal and the case was removed to this Court. In their Notice of Removal, Defendants assert the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441, and the removal was timely because "it was not barred by the provision of 28 U.S.C. § 1446(b)." Specifically, they assert that because they "demurrer a pleading depending on the determination of Defendant's rights and Plaintiff's duties under federal law," removal is proper.

### ANALYSIS

Here, Defendants' removal was clearly untimely and the removal was improper because a defense based on federal law cannot provide subject matter jurisdiction.

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 2**

## I.    Timeliness of Removal

Defendants assert that because they were given defective notice to vacate the premises, their Removal is still timely even though it was filed more than 30 days after receiving Plaintiff's complaint.

28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based.

Untimely removal is a procedural defect, not a jurisdictional defect. *Maniar v. F.D.I.C.*, 979 F.2d 782, 785 (9th Cir. 1992). Here, Plaintiff timely objected to the late removal.

The Affidavit of Service indicates that Defendants were served a copy of the Summons and Complaint against them on February 21, 2017. ECF No. 8, Ex. 5. The Notice of Removal was filed on April 26, 2017 and the Removal was re-noted on May 25, 2017. ECF Nos. 1 and 6. Because the Notice of Removal was not filed within the allotted 30 days, the Notice of Removal is untimely and the case should be remanded to state court.

## II.    Federal Question

Additionally, even if the removal were proper, this case should be remanded to state court because this Court does not have federal subject matter jurisdiction.

### A.    Legal Standard for Removal

Federal courts are courts of limited jurisdiction and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 3**

jurisdiction. 28 U.S.C. 1441(b). But, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). For instance, a federal defense does not support federal-question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

### B.    Analysis

In their notice of removal, Defendants rely on the fact that they have alleged a violation of the Protecting Tenants at Foreclosure Act ("PTFA") to provide subject matter jurisdiction. Case law is clear, however, that the PTFA does not provide a private cause of action. Rather, it provides a defense to state eviction proceedings. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013) ("The PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court.").

Under *Caterpiller*, the existence of a federal defense does not confer subject matter jurisdiction on this Court. Thus, regardless of whether Defendants' notice was timely, remand is necessary because the Court does not have jurisdiction over this action. *See, e.g.*, *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (""The PTFA's requirements are straightforward, and the mere presence of a federal issue does not confer federal-question jurisdiction."); *Zalemba v. HSBC Bank*, No. 10–cv–1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (holding that the PTFA, in general, cannot raise a "substantial federal-question" because these provisions do not create a private right of action).

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 4**

Also, diversity jurisdiction removal does not apply in this case because Defendants are citizens of the State of Washington, which is the state where the action was brought. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) (holding that diversity jurisdiction removal is only permissible if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought).

## III. Attorney's Fees

Plaintiff is requesting $525.00 in reasonable attorney's fees. The Court may in its discretion "require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, a court may not award attorney's fees pursuant to § 1447(c) unless the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).

Here, the award of attorney's fees is appropriate because Defendants lacked an objectively reasonable basis for removing this action. As set forth above, the case law is clear. The PTFA does not provide a federal cause of action and asserting a defense under the PTFA does not confer subject matter jurisdiction on the courts. Moreover, it appears the PTFA expired in 2014. Finally, the timing of the notice of removal suggests that Defendants removed this action to federal court to delay the unlawful detainer action and continue to occupy the property that they no longer own.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Remand, ECF No. 7, is **GRANTED**.

2.    The above-captioned case is **REMANDED** to Benton County Superior Court.

3.    Attorney's fees in the amount of **$525.00** are awarded to Plaintiff. The District Court Executive is directed to enter judgment in this amount in favor of Plaintiff.

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 5**

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, forward copies to counsel and pro se Defendants, and close the file.

**DATED** this 18th day of July, 2017.

Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION FOR REMAND TO STATE COURT ~ 6**